HARRIS v. EAGLE BOX COMPANY.

Opinion delivered December 1, 1913.

1. LANDLORD AND TENANT—RENT—PRESUMPTION.—Where A. agreed that B. might store his lumber on A.'s premises without anything being said as to rent, the relation of landlord and tenant can not be implied, and the law does not imply a promise to pay rent. (Page 374.)

2. WITNESS—EXPERT TESTIMONY—COMPETENCY.—A witness may testify as to the rental value of a lumber yard, who is engaged in the lumber business and knows the situation of the yard in question. (Page 374.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*C. E. & H. P. Warner,* for appellant.

The intention of the parties should control, and the fourth instruction as requested by the appellant states a sound proposition of law; but the court erred in amending the instruction by adding to it the condition which made such intention dependent upon what was said or not said by the parties. The relation of landlord and tenant never existed between the parties, hence rules of law applicable in such cases do not apply in this case.

A direct contract is necessary to create the relation of landlord and tenant. It will not be inferred as a matter of law from mere fact of lawful occupancy. Jones, Landlord & Tenant, § 3; 82 Ala. 342; 2 So. 646; 142 Mass. 233; 113 N. Y. 442, 21 N. E. 114; 3 Atl. 508.

Where there is an absence of any intention to enter into the relation of landlord and tenant, mere occupation by one other than the owner does not create a tenancy. 45 Minn. 249, 47 N. W. 717; 90 Ind. 372. This relation can arise only where the one in possession has by some act or agreement recognized the other as his landlord. 1 Taylor, L. & T., § 21; 5 N. Y. 388.

*Hill, Brizzolara & Fitzhugh,* for appellee.

The fourth instruction in the form requested by appellant presented his theory of the issue as embodied in

his own testimony. The addition embodies defendant's theory as contained in the testimony of Spinks. There is no inconsistency between the two, and, as a whole, the instruction correctly states the law. The cases relied on by appellant all recognize the general rule that a presumption of payment arises from the use of valuable property or acceptance of valuable services rendered. See, also, Jones on Landlord & Tenant, 655; Bishop, on Contracts (2 ed.), § 217; 27 Pa. St. 259.

HART, J. Appellant sued appellee to recover $1,257.25, alleged to be balance due on account. Appellant adduced evidence tending to show that he sold appellee fifteen cars of gum lumber, at $10 per thousand, and that, after deducting all just credits, there remains due and unpaid the sum sued for. According to the testimony of appellee, appellant sold the lumber to it at $5 per thousand, it to pay the freight, instead of $10 per thousand and appellant to pay the freight; that it is entitled to credits on account of rotten and defective lumber and other items which reduce the claim of appellant to $362.75. Appellee also set up a counterclaim of $308.33, for yardage furnished appellant for one year. In regard to the counterclaim, the evidence of appellee shows the following:

Appellant was engaged in the lumber business at McCoy, Louisiana, and had oak, pine and gum lumber on his yard. He wished to go out of business at McCoy, and made arrangements with appellee to ship all of his lumber to it at Fort Smith. Appellee was engaged in manufacturing boxes at Fort Smith, and agreed to purchase all the gum lumber that was suitable for use in its business. It did not use oak and pine lumber in its business, but agreed to allow appellant to store his oak and pine lumber on its yard and to help him in selling it. The oak and pine lumber of appellant was stored on appellee's yard, and remained there for a little over a year and occupied about three-fourths of appellee's yard. Appellee's manager and agent says that appellant wanted

the yard to store his lumber, and he agreed to it, but there was not anything said about the price he should pay for it. On the other hand, appellant states that he asked the manager of appellee what the charges would be, and that he told him that he would not charge anything.

The jury returned a verdict for appellant for only $150, and from the judgment rendered appellant has duly prosecuted an appeal to this court.

Appellant asked the court, among other instructions, to instruct the jury as follows:

"You are instructed that if the defendant, Eagle Box Company, intended that plaintiff could have the use of its yard for storing lumber without making any charge for the use thereof, then the court instructs you that defendant is not entitled to recover from plaintiff for the use of its yard."

The court refused to give the instruction as asked by appellant, but gave it in a modified form, as follows:

"You are instructed that if the defendant, Eagle Box Company, intended that plaintiff could have the use of its yard for storing lumber without making any charge for the use thereof, then the court instructs you that defendant is not entitled to recover from plaintiff for the use of its yard. If nothing was said by either party as to the payment for the yard, and its use was valuable, the law implies a contract on plaintiff's part to pay a fair rental for it."

The modification of the instruction is assigned by counsel for appellant as error. We think the court erred in giving the instruction as modified. The mere use of the yards of appellee by appellant for storing his lumber does not necessarily imply the relation of landlord and tenant. The instruction as given was, in effect, a peremptory instruction to find for appellee on the question of the counterclaim. From the fact that appellant used the yard of appellee for the purpose of storing his lumber, without anything being said by either party as to the payment of rent, the law does not imply a promise to

pay rent. The question whether there was such a promise is a question of fact. The jury might have inferred from all the facts and circumstances adduced in evidence that the parties contemplated a payment of rent and that it was intended by the parties that appellant should pay for the use of appellee's yards, and thus a tenancy by implication would arise; but it was wrong to tell the jury that the presumption thus created was a presumption of law. Taylor on Landlord & Tenant (9 ed.), vol. 1, § 19.

It is also insisted by counsel for appellant that the court erred in admitting testimony as to the rental value of the premises. But in this contention we can not agree with them. The witnesses who testified for appellee as to the rental value of the lumber yard were engaged in the lumber business and knew the situation of appellee's lumber yard, and were competent to testify as to its rental value, just as a person familiar with a farm and the lands surrounding it would be competent to testify as to its rental value.

For the error in giving the instruction No. 4, as modified, the judgment will be reversed and the cause remanded for a new trial.